IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MELANIE TUPE,<br><br>                Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER REVERSING AND REMANDING DECISION OF COMMISSIONER**<br><br>Case No. 2:14-cv-305-BCW<br><br>Magistrate Judge Brooke Wells |

      All parties in this case have consented to having United States Magistrate Judge Brooke C. Wells conduct all proceedings in this case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1]

      Plaintiff Melanie Tupe ("Plaintiff") seeks judicial review of the determination of the Commissioner of the Social Security Administration that denied her application for Period of Disability and Disability Insurance Benefits.  On June 23, 2015, the Court heard oral argument on Plaintiff's appeal and the administrative record.  Plaintiff was represented at the hearing by attorney Natalie Bolli-Jones and Defendant Carolyn W. Colvin ("Defendant") was represented by Kathryn C. Bostwick, Special Assistant U.S. Attorney admitted *pro hac vice*.[2]  For the reasons set forth below and as stated on the record at the conclusion of oral argument, the Court REVERSES AND REMANDS the decision of the Commissioner.

---

[1] *See* 28 U.S.C. § 636(c); F.R.C.P. 73; docket no. 24.

[2] Docket no. 11.

# BACKGROUND[3]

### A. Procedural History

On March 16, 2011, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits.[4] Plaintiff alleged that since her alleged onset date, August 13, 2010, her physical and mental impairments qualified her for disability benefits. Plaintiff's claim was initially denied on May 23, 2011 and upon reconsideration on August 25, 2011.[5]

A hearing in Plaintiff's case was held on January 14, 2013 before an Administrative Law Judge ("ALJ").[6] On March 21, 2013, the ALJ issued a written decision denying Plaintiff benefits.[7] On April 2, 2014, the Appeals Council denied Plaintiff's request for review.[8] Therefore, the ALJ's unfavorable decision became the final decision of the Commissioner of Social Security. This appeal followed.

### B. The ALJ's Decision

The ALJ found at Step One of the required sequential evaluation process[9] Plaintiff has not engaged in substantial gainful activity since August 13, 2013, the alleged onset date.[10] The ALJ further found Plaintiff met the insured status requirements through December 31, 2015.[11] At Step Two, the ALJ found Plaintiff had the following severe impairments: (1) status-post L3-5 fusion, (2) seizure disorder, (3) headaches, (4) organic mental disorder (status-post hemisphere resection), (5) major depressive disorder, (6) anxiety disorder (not otherwise specified), (7)

---

[3] The Court finds the parties have adequately set forth Plaintiff's medical history in their respective briefs. Therefore, the Court finds it unnecessary to repeat that record here.

[4] Administrative Record, docket no. 9 [hereinafter referred to as "Tr."] at 11.

[5] *Id*.

[6] Tr. 33-68.

[7] Tr. at 8.

[8] Tr. at 1.

[9] *See* 20 C.F.R. § 404.1520.

[10] Tr. at 13.

[11] *Id*.

2

alcohol dependence (in remission) and (8) prescription medication abuse.[12] However, the ALJ found Plaintiff's severe impairments not to meet or medically equal any of the listed impairments contained in the regulations.[13]

Next, the ALJ found Plaintiff to have the residual functional capacity ("RFC") to perform light work, except Plaintiff is

> …able to walk, climb stairs, squat and drive occasionally; able to bend/stoop, kneel, reach above shoulders, push/pull, turn arms and wrists, open and close fists, use hands and fingers and use foot controls frequently; and able to balance continuously in an eight-hour workday. Regarding mental functioning, she has a 2% limitation of each of the following: concentration, memory, understanding, exercising judgment, handling detailed instructions and interacting with the general public, but these limitations would not cause her to be off task at all during an eight-house workday. She could have a 10% limitation dealing with work stress and would cause her to be off task 2% of an eight-house workday.[14]

At Step Four, the ALJ found Plaintiff is unable to perform any of her past relevant work.[15] Lastly, at Step Five, the ALJ, considering Plaintiff's age, education, work experience, RFC, and vocational expert testimony found that there are jobs that exist in significant numbers in the national economy in which Plaintiff can perform.[16] The ALJ found Plaintiff could perform work as a Medical Assembler and Touch-Up Screener.[17]

## STANDARD OF REVIEW

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied."[18] If supported by substantial evidence, the findings are conclusive and must be affirmed.[19]

---

[12] *Id.*

[13] *Id.*

[14] Tr. at 18.

[15] Tr. at 25.

[16] *Id.*

[17] Tr. at 26.

[18] *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014).

[19] *Richardson v. Perales*, 402 U.S. 389, 401 (1981).

Substantial evidence is "more than a scintilla, but less than a preponderance."[20] Thus, "[t]he possibility of drawing to inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."[21]

In addition, a reviewing Court should not re-weigh the evidence or substitute its own judgment for that of the ALJ's.[22] The Court "...may not 'displace the agenc[y]'s choice between two fairly conflicting views, even though the Court would justifiably have made a different choice had the matter be before it de novo.'"[23] Lastly, "[t]he failure to apply the correct legal standard[s] or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[24]

## FINDINGS

Plaintiff raises three issues upon appeal: (1) whether the ALJ erred by failing to properly evaluate the medical opinion evidence regarding Ms. Tupe's mental impairments; (2) whether the ALJ erred by failing to include all of Ms. Tupe's impairments in his residual functional capacity assessment; and (3) whether the ALJ erred by failing to properly consider Listing 12.02. After hearing oral argument on the issues raised by Plaintiff, the Court finds issues one and two to be dispositive. Therefore, the Court will not address whether the ALJ erred by failing to properly consider whether Plaintiff met Listing 12.02.

### A. Evaluation of Medical Opinions

Plaintiff argues the ALJ erred by failing to weigh the medical opinions contained in the record. Specifically, Plaintiff challenges the ALJ's findings with regard to Plaintiff's treating physician, Dr. Wooley and Drs. Kockler and Stein. Although the ALJ did weigh Dr. Wooley's opinion, he failed to weigh the opinions of Drs. Kockler and Stein.

---

[20] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[21] *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2000).

[22] *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).

[23] *Lax*, 489 F.3d at 1084 (quoting Zoltanski, 372 F.3d at 1200).

[24] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005)(internal citations omitted).

"It is the ALJ's duty to give consideration to all the medical opinions in the record. He must also discuss the weight he assigns to such opinions…"[25] However, the need for express analysis is weakened "[w]hen the ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's RFC."[26] In addition, the 10th Circuit has articulated "where…[a Court] can follow the adjudicator's reasoning in conducting [its] review and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal."[27] "The more comprehensive the ALJ's explanation, the easier our task; but we cannot insist on technical perfection."[28]

Here, there is no question that the ALJ did not weigh the opinions of Dr. Kockler or Dr. Stein. Defendant acknowledges this failure by the ALJ but states it is harmless error because their opinions were not inconsistent with the record as a whole and "[g]iven that Dr. Kockler himself questioned the validity of his result and, in fact, explicitly stated that they likely understated Plaintiff's true ability, Plaintiff's argument that the ALJ committed reversible error by not explicitly giving weight to the this opinion strain credibility."[29]

While the Court acknowledges that Dr. Kockler's opinion does question Plaintiff's testing results, the Court finds at most this could have been cause for the ALJ to discount the opinion. However, the ALJ failed to weigh this opinion or Dr. Stein's. Therefore, the Court cannot meaningfully follow the adjudicator's reasoning with regard to Drs. Kockler and Stein in order to determine whether the correct legal standards have been applied. The Court further finds that the ALJ's omission of analysis of these opinions is not a mere technicality. Rather, the Court agrees with Plaintiff's argument that had Drs. Kockler and Stein's opinions been accepted

---

[25] Keyes-Zachary v. Astrue, 695 F.3d 1156, 1161 (10th Cir. 2012(internal citations omitted).

[26] Id. at 1162.

[27] Id. at 1166.

[28] Id.

[29] Docket no. 20 at p. 14.

5

it would most likely have changed the RFC assessment in such a way that Plaintiff could have been found to be disabled.

   **B. RFC**

The record demonstrates that Plaintiff has had brain surgery, has a long history of mental illness and as a result has attempted suicide.[30] Plaintiff has also been on medication for her mental ailments for a number of years.[31] Yet, the Plaintiff's RFC formulated by the ALJ found Plaintiff to only have a "2% limitation of each of the following: concentration, memory, understanding, exercising judgment, handling detailed instructions and interacting with the general public, but these limitations would not cause her to be off task at all during an eight-hour workday. She could have 10% limitation dealing with work stress and would cause her to be off task 2% of an eight-hour workday." Plaintiff argues the ALJ erred in this finding because he did not include any limitations for established mental impairments such as borderline intellectual functioning, memory issues that were documented throughout the record by treatment providers, lay witnesses and Plaintiff herself. Further, Plaintiff contends that the ALJ failed to take into account her episodes of decompensation in formulating the RFC. Defendant on the other hand argues the ALJ properly weighed the evidence in reaching Plaintiff's RFC. Also, Defendant argues the ALJ's finding that Plaintiff is capable of unskilled work properly took into account her mental impairments.

The Court finds Defendant's argument to be unpersuasive. Therefore, for essentially the same reasons as articulated by Plaintiff in her briefing and made by counsel at oral argument, the Court finds the ALJ's RFC finding not to be supported by substantial evidence. The record fails to identify or lend support to the ALJ's percentage findings in light of Plaintiff's mental impairments documented throughout the record. While the Court is cognizant that its role is not to re-weigh the evidence, in this case, it is unclear as to how the ALJ reached these odd, small

---

[30] *See* Tr. at 427-28.

[31] *Id.*

percentage figures relating to Plaintiff's mental impairments in light of the evidence in the record as a whole. As such, in addition to not weighing the medical opinions properly as discussed above, the Court finds the RFC is not supported by substantial evidence.

## CONCLUSION & ORDER

Upon review and consideration of the administrative record, relevant case law, arguments made by counsel in their briefs and during oral argument, the Court finds substantial evidence does not support the ALJ's findings with regard to the medical opinions or the RFC. Therefore, it is HEREBY ORDERED that this case be REVERSED AND REMANDED for further consideration consistent with this opinion.

DATED this 23 June 2015.

Brooke C. Wells
United States Magistrate Judge